

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Pat Beene
County Attorney
Andrews County
Andrews, Texas

Dear Mr. Beene:

Opinion No. O-7378

Re: Whether or not certain public
officials may write insurance for
a municipality of which he is an
officer.

You request an opinion from this department in connection with the above entitled subject matter, your letter being as follows:

"* * *.

"My questions are:

"1. Can a county auditor write insurance for the county by which he is employed?

"2. Can a school trustee write insurance for the school district which he represents?

"3. Would the situation be different in both instances above if the policies were renewals of policies that were written when he was not acting as an official?

"After reading Article #373 of the Penal Code of the State of Texas and Rigsby vs. State, Vol. 10 SW 760 and City of Edinburg vs. Ellis, Vol. 59 SW (2) 99, I am of the opinion that such questions above should all be answered in the negative."

For convenience sake we number our answers according to your questions.

1. We need not determine whether a county auditor writing and delivering a policy of insurance in favor of the county

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

for which he is auditor violates Article 373 of the Penal Code, since in any event the writing of such policy would be against a well-recognized public policy that public officers may not contract with a state, county, city or town, or other municipality in which contracts such officers have a pecuniary interest. Such pecuniary interest tends to deprive the state or municipality, as the case may be, of that fair and just official discretion to be exercised by such officer in the execution of such contract. It is against the public policy, therefore, and such contract is not recognized by law as being valid as against the objection of such a vice. Judge Sharp, as a member of the Commission of Appeals to the Supreme Court, now Associate Justice of the Supreme Court, has said:

> "It is the general rule that municipal contracts in which officers or employees of the city have a personal pecuniary interest are void. * * *. It has long been the policy of this state to prohibit officers of a city from having a personal pecuniary interest in contracts with the city, and this policy is especially expressed in both the penal and civil statutes.***"
> — City of Edinburg v. Ellis, 80 S. W. (2) 99.

Article 373 of the Penal Code of Texas pronounces a penalty against public officers thus violating the law, and evidences this general public policy.

This department has rendered the following opinions announcing the same rule: O-978, O-1014, O-1142. O-1559, O-2755, O-5155 and O-6280.

In Flanikin v. Fokes, 15 Tex. 180, the first Supreme Court of Texas held that a commissioner of the Government to sell land could not make "a contract which would give him an interest in an official act to be done by him", saying that such "would be repugnant to law and sound morality."

2. The same answer is given to your question 2 as given to 1.

3. The situation in either case mentioned in questions 1 and 2 would be no different if such policies were renewals of original policies, where the agent writing the policy was not a public official of the insured.

We have not considered the possibility that a municipality insured through a policy written by its official, in which such official has a pecuniary interest, might be made the basis for re-

covery for a loss under such policy upon some equitable principle as by estoppel. It is sufficient answer to your inquiries to say, as we have said, that such contracts are contrary to law, and such officers, therefore, have no authority of law to make them.


Very truly yours

APPROVED SEP 7 1946

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By

Cele Speer
ASSISTANT

OS-MR


APPROVED
OPINION
COMMITTEE
BWB
CHAIRMAN